FILED
U.S. DISTRICT COURT
GEORGIA

C7 AUG 28 PM 3:35

[signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DAVID JOHNSON, )
)
    Plaintiff, ) CIVIL ACTION FILE NO.
) 5:06-CV-00366-HL
v. )
)
BOARD OF REGENTS OF THE )
UNIVERSITY SYSTEM OF GEORGIA )
and GEORGIA COLLEGE AND STATE )
UNIVERSITY, )
)
    Defendants. )
)

## CONSENT PROTECTIVE ORDER

The parties in this action have agreed to produce documents that contain confidential and/or sensitive information regarding Plaintiff David Johnson ("Plaintiff") and/or confidential, proprietary and/or sensitive information regarding non-parties (including information related to Defendants' current and/or former employees of Defendants). Plaintiff and Defendants have agreed to produce such relevant, non-objectionable documents responsive to discovery requests that contain such confidential, proprietary and/or sensitive information, so long as all parties agree to limit such use of information solely to this action and in strict accordance with the terms and conditions of this Consent Protective Order. Therefore, to preclude discovery disputes and to protect against the unauthorized dissemination

and use of such information disclosed through discovery in this action, the parties, through counsel, hereby voluntarily agree and stipulate to the entry of this Consent Protective Order.

Accordingly, the parties to this action having consented to this Protective Order, and for good cause shown, **IT IS HEREBY ORDERED THAT:**

1.

As used herein, the word "document" means (a) all papers, documents, and printed and written materials (including electronically stored materials) produced or furnished by, or obtained by Plaintiff or Defendant during the course of this matter through discovery; (b) all copies, extracts, and complete or partial summaries prepared from such papers or documents; (c) portions of deposition transcripts and exhibits thereto which relate to, contain, or incorporate by reference any such papers, documents, copies, extracts, or summaries; (d) portions of briefs, memoranda, or any other writings, filed with the Court, and exhibits thereto, which relate to, contain, or incorporate by reference any such papers, documents, copies, extracts, or summaries; and (e) not any materials which in the good faith judgment of counsel are privileged or work product materials.

2.

All documents produced and information furnished by Plaintiff or Defendants which are designated **"CONFIDENTIAL"** by the producing party shall be treated as such by all persons to whom such documents are disclosed. The non-producing party(ies) may also designate documents produced by the opposing party(ies) as confidential. Plaintiff and Defendants agree to exercise good faith in designating documents as **"CONFIDENTIAL"**. Such confidential documents, and all copies, summaries, compilations, notes, or abstracts, shall be used exclusively in this action and for no other purpose. Any documents designated as **"CONFIDENTIAL"** pursuant to this Order may not be disclosed wholly, in part, or in substance to persons not parties to this lawsuit except as set forth below.

3.

If any confidential document is used during any deposition, the deposition or relevant portions thereof (as designated by agreement of counsel) shall be treated as confidential in accordance with paragraph 2, supra.

4.

Documents, other materials and deposition testimony designated as **"CONFIDENTIAL"** pursuant to the terms of this Order may be used only in connection with this case and may be disclosed only to the following persons:

(a) To the parties' respective counsel of record, their associated attorneys, and their regularly employed support staff, including paralegal and clerical personnel, who have a need to review the documents or other materials to aid in the preparation of this case;

(b) To Plaintiff and the officers and/or managerial employees of named Defendants provided that they have a reasonable need to know the "Confidential Information" in order to participate in litigation decision-making on behalf of the Defendants;

(c) To the United States District Court for the Middle District of Georgia, Macon Division, and any court of competent appellate jurisdiction, as well as court personnel, including stenographic reporters regularly employed by the court;

(d) To other stenographic reporters as are necessarily incident to the conduct of this action; and

(e) Only on an as needed basis, to witnesses or prospective witnesses or other persons requested by counsel to furnish technical, consulting, or other expert services, provided that such witnesses agree not to disclose this information to any party or person outside this litigation and agree to be bound by this Consent Protective Order.

5.

Prior to disclosure to potential witnesses for Plaintiff or Defendants (other than current managerial employees of Defendants) of documents or other materials designated as **"CONFIDENTIAL"** pursuant to this Order, counsel shall show the witness a copy of this Order and secure his or her written agreement to be bound by the terms of this Order. Such written agreement shall take the form of the acknowledgement attached hereto as Exhibit A.

6.

All documents, transcripts or other materials afforded confidential treatment pursuant to this Order and in the possession of the parties or their counsel, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the producing party's counsel within sixty (60) days after the final resolution of this matter.

7.

Any document or portions of any document, answers to written discovery or hearing or deposition transcripts filed with the Court for any purpose and identified as containing

Confidential Information, or any pleading, motion or brief with the Court containing or disclosing Confidential Information shall be filed in sealed envelopes on which shall be endorsed the title of this action, an indication of the nature of the contents of such envelope, the identity of the party filing the materials, the word "Confidential", and an indication that the envelope contains documents subject to the Order entered in this action, and shall not be opened nor the contents displayed, revealed or made public, except by order of the Court.

8.

The provisions of this Order will not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

9.

Nothing in this Order shall prevent any party from seeking modification of this Order or from presenting a motion to the Court for a separate protective order as to any particular document or information.

10.

All confidential documents or information produced by the parties over the course of the above-referenced action shall be subject to the provisions hereof unless or until:

1. The parties jointly withdraw such designation in writing; or
2. The Court rules the material is not Confidential Information.

11.

All provisions of this Consent Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of the above-styled action, unless otherwise agreed in writing or ordered. Upon conclusion of this action, a Party in possession of Confidential Information, other than that which is contained in pleadings or correspondence, shall either:

1. return such documents, no later than thirty (30) days after conclusion of this action, to counsel for the providing party; or
2. destroy such documents within the time period and certify in writing within thirty (30) days that the documents have been destroyed.

SO ORDERED this 27th day of August, 2007.

_____
UNITED STATES DISTRICT COURT JUDGE

CONSENTED TO BY:

Attorney for Plaintiff:          Attorneys for Defendant:

s/Jonathan E. Green
STEVEN G. HALL
Georgia Bar No. 319308
JONATHAN E. GREEN
Georgia Bar No. 307053
Counsel for Plaintiff
Gambrell & Stolz, LLP
Monarch Plaza Ste. 1600
Atlanta, Georgia 30326
Telephone: (404) 221-6518
shall@gambrell.com
jgreen@gambrell.com

s/Annette M. Cowart
ANNETTE M. COWART
Georgia Bar No. 191199
LAURA W. HYMAN
Georgia Bar No. 681655
Counsel for Defendants
Office of Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 656-3384
acowart@law.ga.gov
lhyman@law.ga.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| DAVID JOHNSON, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO. |
| | ) 5:06-CV-00366-HL |
| v. | ) |
| | ) |
| BOARD OF REGENTS OF THE | ) |
| UNIVERSITY SYSTEM OF GEORGIA | ) |
| and GEORGIA COLLEGE AND STATE | ) |
| UNIVERSITY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**WITNESS ACKNOWLEGMENT OF CONSENT PROTECTIVE ORDER**

I have reviewed the Consent Protective Order entered in the above referenced case. I understand the Consent Protective Order and agree to abide by its terms.

Signed this _____ day of _____, 2007.

_____ [printed name]

_____ [address]

_____ [address, cont.]

_____ [telephone number(s)]

_____ [signature]

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2007, I electronically filed the foregoing **CONSENT PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following CM/ECF participant:

>Steven G. Hall
>Jonathan E. Green
>Gambrell & Stolz LLP
>Monarch Plaza
>3414 Peachtree Road
>Suite 1600
>Atlanta, Georgia 30326

This 28th day of June, 2007.

>s/Laura W. Hyman
>LAURA W. HYMAN
>State Bar No. 681655
>Department of Law, State of Georgia
>40 Capitol Square, S.W.
>Atlanta, Georgia 30334-1300