# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| DAVID JOHNSON | : | |
| Plaintiff, | : | |
| v. | : | 5:06-cv-366 (WLS) |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA and GEORGIA COLLEGE AND STATE UNIVERSITY, | : | |
| Defendants. | : | |

## **O R D E R**

This case comes before the Court on Defendants' Partial Motion to Dismiss Amended Complaint in Lieu of Answer (doc. 6). Defendants seek to dismiss part of the case, namely Plaintiff's Age Discrimination in Employment Act ("ADEA") claim (Count V), his Americans with Disabilities Act ("ADA") claim (Count VI), and his Rehabilitation Act claim (Count IV).[1] Shortly after Defendants filed their Partial Motion to Dismiss, Plaintiff voluntarily dismissed his ADA and ADEA claims. (*See* Doc. 9). As a result, this Order is limited to the disposition of Count IV of the Amended Complaint, Plaintiff's Rehabilitation Act claim. Based on the following analysis and conclusions, Defendant's Partial Motion to Dismiss is GRANTED.

**I.    BACKGROUND**

Plaintiff is a professor of approximately 60 years of age. Defendant Board of Regents of the

---

[1] Plaintiff's Amended Complaint alleged a total of seven counts, all arising from the termination of his employment.

University System of Georgia ("BOR") is a constitutionally-created entity of the State of Georgia charged with the government, control, and management of the University System of Georgia and all of its institutions. Ga. Const. art. VIII, § IV, para. 1. Defendant Georgia College and State University ("GCSU") is an institution in Milledgeville, Georgia operated by Defendant BOR.

In August 2003, Plaintiff began working at GCSU as a professor in the English, Speech, and Journalism Department. His duties included teaching classes in the department and also assisting with the campus newspaper. During his time as a professor at GCSU, Plaintiff was awarded a research grant and had his work published. Not long after Plaintiff began teaching at GCSU, the school began accepting applications for tenure-track faculty position for the English, Speech, and Journalism Department. Plaintiff applied for the position and was one of three candidates selected for an interview.

At some point before a hiring decision was made, Plaintiff was diagnosed with a form of leukemia that impacted his daily activities but did not prevent Plaintiff from performing the essential functions of the new position he sought. Plaintiff alleges that his health became a concern for the selection committee, and that this concern caused him to be improperly removed from consideration for the tenure-tracked position. In addition to the alleged unfounded concerns over his health, Plaintiff alleges that he was subjected to improper comments from female employees of GCSU.

Ultimately, the selection committee hired a female for the position that was much younger than Plaintiff. Plaintiff avers that because of his qualifications, he would have been hired for the position but for Defendants' discrimination against him based on his age, gender, and perceived disability. Plaintiff filed his Amended Complaint (doc. 4) alleging seven total counts against Defendants. In response, Defendants contemporaneously filed an answer along with a partial motion

to dismiss. In Defendants' Partial Motion to Dismiss Amended Complaint (doc. 6), they assert Eleventh Amendment immunity against Plaintiff's ADA and ADEA claims, and they oppose his Rehabilitation Act claim on the grounds that the statute of limitations has run. Rather than challenge Defendants' assertions with respect to his ADA and ADEA claims, Plaintiff voluntarily dismissed those claims. All that is left for the Court to decide is the fate of the fourth count of the Amended Complaint, Plaintiff's Rehabiliation Act claim.

## II. DISCUSSION

Defendants move to dismiss portions of Plaintiff's Complaint, relying on Federal Rule of Civil Procedure 12, which provides in part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion . . . (6) failure to state a claim upon which relief can be granted . . . .

Fed. R. Civ. P. 12(b)(6). A motion to dismiss a plaintiff's complaint, or a portion thereof, under Federal Rule of Civil Procedure 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Furthermore, "[a]t the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999). Finally, the "threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . exceedingly low." Ancata v. Prison Health Servs. Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quotation and citation omitted).

Defendants base their motion on the argument that Plaintiff's Rehabilitation Act claim is time

barred because the applicable statute of limitations has run. Count IV of Plaintiff's Amended Complaint alleges a violation of the Rehabilitation Act, which provides in part: "No otherwise qualified individual with a disability in the United States, as defined in section 7(20), shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). There is no dispute that Defendants' operations qualify as programs or activities[2] that accept federal funding, and that Defendants were made aware of Plaintiff's diagnosis. The issue for the Court is whether Plaintiff's Rehabilitation Act claim had expired when he filed his original Complaint.

The parties, and the Court, agree that in the state of Georgia, a two year statute of limitations applies to Rehabilitation Act claims. Henrickson v. Sammons, 434 S.E.2d 51, 54 (Ga. 1993) (holding statute of limitations most analogous to Rehabilitation Act claim is that for personal injury). There is also no dispute that Plaintiff's Rehabilitation Act claim began to accrue on May 8, 2004–the date Plaintiff terminated his employment with Defendant GCSU–and that he filed his complaint on October 23, 2006. Plaintiff makes two arguments for why his claim should not be deemed time barred in light of the lapse of over two years between the date his claim began to accrue and the date his original Complaint was filed: (1) Plaintiff argues that his Rehabilitation Act claim is in fact timely and (2) Plaintiff argues, in the alternative, that the Rehabilitation Act statute of limitation should be equitably tolled.

---

[2] "For the purposes of this section, the term 'program or activity' means all of the operations of a college, university, or other postsecondary institution, or a public system of higher education." 29 U.S.C. § 794 (b)(2)(A).

4

**A. Rehabilitation Act claim was timely**

First, Plaintiff contends that his claim was actually timely when filed. Plaintiff asserts that "where an employee opts to submit a Rehabilitation Act claim to the [Equal Employment Opportunity Commission ("EEOC")] and files a charge with the EEOC, the statute of limitations should not run while the charge is pending." (Pl.'s Resp., doc. 10, at 3.) However, as Defendants point out, "[t]here is simply no precedent in this Circuit to support Plaintiff's contention that the statute of limitations in Rehabilitation Act cases will be tolled by the filing of an EEOC charge." (Defs.' Reply, doc. 11, at 3-4.) Indeed, with respect to his Rehabilitation Act Claim, Plaintiff was not required to exhaust his administrative remedies by filing with the EEOC. See Doe v. Garrett, 903 F.2d 1455, 1460 (11th Cir. 1990) ("[I]t is established, as a general matter, that Title VI–and by extension section 794–does not incorporate Title VII's requirement of exhaustion of administrative remedies.").

The crux of Plaintiff's argument is that all claims arising out of Defendants' allegedly discriminatory decision not to hire him should be filed and ultimately resolved in a single action. In support of this, Plaintiff asks this Court to take the unprecedented step of tolling his Rehabilitation Act claim during the pendency of the EEOC filing notwithstanding the fact that Plaintiff did not need the permission of the EEOC to file such a claim. The Court is unwilling to take this step without any precedent granting it authority to do so, notwithstanding Plaintiff's asserted desire to effect judicial economy by bringing a single action. Plaintiff had two years to file his Rehabilitation Act claim, but clearly chose not to do so.

**B. Statute of limitation should be equitably tolled**

Plaintiff's second argument in defense of the timeliness of his Rehabilitation Claim is that

he is entitled to equitable tolling of the statute due the EEOC's mismanagement of his file. Plaintiff avers that "[e]quitable tolling has been found to be appropriate where a plaintiff's complaint was filed untimely as a result of miscommunications from the EEOC." (Pl.'s Resp., doc. 10, at 5.) However, here Plaintiff does not allege miscommunication but rather a loss of his file. This distinction is important, because Plaintiff makes no claim that officials at the EEOC told him that a Right to Sue letter was necessary to pursue a Rehabilitation Act claim.

"Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). If equitable tolling is applied, a plaintiff "may sue after the statutory time period has expired if [he has] been prevented from doing so due to inequitable circumstances." Ellis v. GMAC, 160 F.3d 703, 706 (11th Cir. 1998). Here, Plaintiff was never actually prevented from filing his Rehabilitation Act claim. While Plaintiff may have wanted to assert all of his causes of action at once, it is uncontroverted that permission from the EEOC was not necessary to seek relief under the Rehabilitation Act. Because neither Defendants nor the EEOC actually prevented Plaintiff from filing his Rehabilitation Act claim, the Court will not apply equitable tolling, where circumstances do not call for such extraordinary relief.[3]

### III. CONCLUSION

---

[3] To be sure, the Court refrains from answering the question of whether the doctrine of equitable tolling can ever be applied to Rehabilitation Act claims; instead, the Court finds that the practice of extending statutes of limitation is not appropriate under these circumstances:
> Statutes of limitations are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given a grudging application. They protect important social interests in certainty, accuracy, and repose. . . . We should not trivialize the statute of limitations by promiscuous application of tolling doctrines.

Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452-53 (7th Cir. 1990)

Plaintiff here had the option of filing his Rehabilitation Act claim at any time after his termination–the date his cause of action accrued. Plaintiff opted not do so, and as a result, the statute of limitations has now run. Plaintiff's Title VII employment discrimination claims are still properly before this Court. Accordingly, Defendants' Partial Motion to Dismiss Amended Complaint in Lieu of Answer (doc. 6) is hereby **GRANTED**.

**SO ORDERED**, this __27th__ day of September, 2007.

                                         /s/W. Louis Sands
                                         **THE HONORABLE W. LOUIS SANDS,**
                                         **UNITED STATES DISTRICT JUDGE**